IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL E. HARRISON                                                    PLAINTIFF


v.                                          NO. 14-5006


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                         DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Michael Eugene Harrison, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on November 5, 2010, alleging an inability to work since April 3, 2010, due to open left tibia/fibia fractures; an open left first metatarsal fracture; a closed head injury, a concussion; a flail chest wound with multiple rib fractures; a pulmonary lung contusion; pheumothorax; a spinal neck injury, disk compression

of spine; and double vision, improving. (Tr. 133, 155). An administrative hearing was held on March 22, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 30-78).

By written decision dated August 24, 2012, the ALJ found Plaintiff was not disabled prior to January 3, 2012, but that Plaintiff became disabled on that date and remained disabled through the date of the decision. (Tr. 11). The ALJ found since the alleged onset date of disability, April 3, 2010, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: status post open reduction internal fixation (ORIF) of the left tibia, fibula, and metatarsal fractures; post-traumatic degenerative joint disease of the shoulder, cervical and lumbar areas; post-traumatic stress disorder (PTSD); a pain disorder with both psychological factors and a general medical condition; and a cognitive disorder, not otherwise specified. However, after reviewing all of the evidence presented, the ALJ determined that since the alleged onset date, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found since his alleged onset date, Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except he is limited to frequent rotation, flexion, or extension of the neck; occasional overhead reaching; and no concentrated exposure to extreme temperatures. The claimant is limited to work involving simple, routine, and repetitive tasks, requiring only simple, work-related decisions, with few, if any workplace changes, and no more than occasional interaction with co-workers, supervisors, and the general public.

(Tr. 14). With the help of a vocational expert, the ALJ determined that prior to January 3, 2012, Plaintiff could perform work as a document preparer, an addresser, an assembly and production

worker, and a machine operator. (Tr. 20). The ALJ determined that on January 3, 2012, Plaintiff's age category changed rendering him disabled under Medical-Vocational Guidelines.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 7, 2013. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v.

-3-

Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**III. Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the

claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALL determined that Plaintiff had the following severe mental impairments: PTSD; a pain disorder with both psychological factors and a general medical condition; and a cognitive disorder, not otherwise specified. A review of the record revealed that Plaintiff did not seek treatment for depression and anxiety; however, Plaintiff indicated that he had some cognitive slowing after the accident. In determining Plaintiff's mental RFC for the relevant time period of April 3, 2010, through August 24, 2012, the only medical professional to give an opinion on Plaintiff's mental functioning was Dr. Richard D. Back, who examined Plaintiff for the first and only time on May 3, 2012, a date after the date Plaintiff was found to be disabled. (Tr. 704). Dr. Back opined Plaintiff had moderate limitations with day to day adaptive functioning, and communicating and interacting in a socially adequate manner; and marked limitations in completing work-like tasks within an acceptable time frame. (Tr. 711). It is noteworthy that Dr. Back did not have all of Plaintiff's records before him when assessing Plaintiff's functioning, and that Dr. Back did not indicate the onset date for the limitations he found with Plaintiff's mental functioning. The record is void of any medical source statement

from either an examining or non-examining medical professional opining as to Plaintiff's mental capabilities for the time period of April 3, 2010, through January 3, 2012, the date the ALJ determined Plaintiff was disabled. Accordingly, the Court finds remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's mental RFC.

On remand, the ALJ is directed to address interrogatories to a mental medical professional asking the medical professional to review Plaintiff's medical records; to complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.

The Court further notes that the medical evidence is also somewhat ambiguous with regard to Plaintiff's physical limitations and his RFC. On remand, the ALJ is directed to address interrogatories to an examining physician, asking the physician to review Plaintiff's medical records and to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of December, 2014.

                                                   /s/ *Erin L. Setser*
                                                 HON. ERIN L. SETSER
                                                 UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)